*Leake, contra,* insisted there was no such judgment for £200, as was recited in the *scire facias.* The report is for £24, which is stated to have been "read, filed, and judgment accordingly." He proceeded to argue that no costs were taxable upon this judgment, it being for a sum under £50, and cited *Vote* v. *Covenhoven, Sept. Term,* 1791; *Wilson's Laws* 265, § 5; *Allinson's Laws* 159.

[138] *Stockton,* in reply. The question about the costs is not before the court. With regard to the real matter of controversy, it is the settled principle of law that a judgment on a bond where there is anything due, is for the whole penalty.

PER CUR. Undoubtedly the judgment is properly recited in the *scire facias.* With regard to the other question raised by Mr. Leake, it is not before the court. If we have taxed costs improperly, this is not the way to revise it; our judgment is rendered, and we cannot correct the error, if there be one.

---

## SEELY AND MARSELIS v. BOON.

1. It is a good plea in abatement that defendants are sued by their surnames alone, without mentioning their christian names. Such defect, however, is cured by appearance and verdict, and cannot be taken advantage of in error.

2. When judgment is affirmed in the superior court, the practice is to sue out execution there without taking the cause down by a *procedendo.*

---

*Certiorari* to Justice Peck.

*Giles,* for the plaintiffs in *certiorari,* who had been defendants below, took an exception on the record, that it appeared the action was brought, and judgment against them below, in their surnames alone, as Seely and Marselis. He contended, in support of the objection, that law and usage were both violated by such a procedure. Every man is known and

must be impleaded by his christian name, or name of baptism ; that the defendants could not plead this recovery in bar of another suit for the same demand. He cited *Fortescue* 108 ; 1 *T. R.* 517 ; 2 *T. R.* 673, to prove that uniform usage was an evidence of the law, and should not be deviated from.

*Leake, contra,* contended that, though the error might be fatal on a plea in abatement, it was cured by appearance, defence, and verdict. He cited 1 *Bac. Abr.* 9 ; 2 *Bac. Abr.* 492, 4 ; *Lloyd* v. *Williams,* 3 *Wils.* 141; 2 *Str.* 1232 ; *Barnes* 495 ; *Hole* v. *Finch,* 2 *Wils.* 393 ; *Stat.* 16 *and* 17 *Car. II.,* cap. 8 ; 5 *Com. Dig.* 331 ; 3 *Burr.* 1728. See also *Taylor* 35, *State* v. *Quinnery,* and 3 *T. R.* 611 ; *Doe* v. *Butcher, Dall.* 410.

[139] PER CUR. The objection should have been taken advantage of in abatement ; it is too late now.

Affirm the judgment.

*Leake* cited *Robins* v. *Whitten,* to show that the execution ought to issue from this court on an affirmance of the judgment of the court below.

PER CUR. This is the practice at present ; formerly it was either way ; some practitioners took rules for *procedendos.*

---

## HOWARD v. RICHMAN AND RHEA.

On a rule to show cause why satisfaction should not be entered on the record, the sheriff, having been made a party, must have notice, and court will allow time after argument to give the notice.

---

*Leake* had obtained a rule upon Cripps, the sheriff, and Howard, the plaintiff, to show cause why satisfaction should not be entered on the record, the moneys due on the execution